ACCEPTED
15-25-00149-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/23/2025 11:19 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/23/2025 11:19:05 AM
CHRISTOPHER A. PRINE
Clerk

# 15-25-00149-CV

## APPELLANT'S BRIEF

IN THE FIRST COURT OF APPEALS
HOUSTON, TEXAS


COURT OF APPEALS NUMBER 01-25-00484-CV

TRIAL COURT CAUSE NO. 2025-19613


UNIQUE MICA GREEN, Appellant
v.
TEXAS FUNERAL SERVICE COMMISSION, Appellee

Appeal from the 189th Judicial District Court
Harris County, Texas
Hon. Judge  Presiding


## IDENTITY OF PARTIES AND COUNSEL

Appellant:
Unique Mica Green
Pro Se
2517 Wheeler Avenue
Houston, Texas 77004
Email: greenmica1980@aol.com
Phone: 281-408-3103

Appellee:
Texas Funeral Service Commission
Counsel: Sherlyn Harper
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .......................................................... i TABLE OF
CONTENTS ............................................................................. ii INDEX OF AUTHORITIES
........................................................................ iii STATEMENT OF THE CASE
.................................................................... 1 ISSUES PRESENTED
....................................................................

............................................................................... 2 STATEMENT OF FACTS
.................................................................... 3 SUMMARY OF THE ARGUMENT
................................................... 5 ARGUMENT AND AUTHORITIES
.............................................. 6 I. The Trial Court Erred in Granting the Plea to the Jurisdiction
................ 6 A. Ultra Vires Claims Are Not Barred by Sovereign Immunity ................ 6 B. Appellant Has Standing as the Licensed Owner at the Time of Injury .. 8 C. The Revocation Without Hearing Violated Due Process ...................... 9 D. Appellant Seeks Prospective Relief Only ........................................... 11 PRAYER ................................................................................................ 12 CERTIFICATE OF SERVICE .................................................. 13

---

### INDEX OF AUTHORITIES

City of El Paso v. Heinrich, 284 S.W.3d 366 (Tex. 2009) ...................................... 6, 11 Tex. Dep't of Transp. v. Sefzik, 355 S.W.3d 618 (Tex. 2011) ............................... 6 Tex. Parks & Wildlife Dep't v. Sawyer Trust, 354 S.W.3d 384 (Tex. 2011) .......... 6 Texas A&M Univ. v. Koseoglu, 233 S.W.3d 835 (Tex. 2007) ................................ 6 Mathews v. Eldridge, 424 U.S. 319 (1976) ............................................................ 9 University of Tex. Med. Branch v. Hohman, 6 S.W.3d 767 (Tex. App. — Houston [1st Dist.] 1999, pet. dism'd w.o.j.) ...................................................... 9

---

### STATEMENT OF THE CASE

Appellant Unique Mica Green filed a verified petition seeking declaratory relief, injunctive relief, and mandamus based on the Texas Funeral Service Commission's (TFSC) revocation of her funeral establishment license without notice or a hearing. Appellant alleged violations of her due process rights under the Texas Constitution and U.S. Constitution, and ultra vires conduct by TFSC. The trial court granted TFSC's plea to the jurisdiction without holding a hearing. Appellant timely appealed.

### STATEMENT OF JURISDICTION

The Court of Appeals has jurisdiction under Texas Civil Practice & Remedies Code § 51.014(a)(8), as this is an appeal from an order granting a plea to the jurisdiction in a civil case. The underlying suit involves constitutional claims and requests for prospective declaratory and injunctive relief against a state agency.

### ISSUES PRESENTED

1. Whether the trial court erred in granting TFSC's plea to the jurisdiction where Appellant alleged ultra vires conduct and due process violations.

2. Whether the trial court erred in dismissing Appellant's claims seeking only prospective relief.

3. Whether Appellant demonstrated standing based on ownership of the funeral business at the time of the alleged harm.

## STATEMENT OF FACTS

Appellant Unique Mica Green was the licensed owner of a funeral establishment regulated by TFSC. In or around January 2025, TFSC revoked her license without written notice, a hearing, or any opportunity to appeal the decision. This conduct was outside TFSC's statutory authority. Appellant filed a petition alleging ultra vires conduct, due process violations, and sought only non-monetary prospective relief. Despite these claims being properly filed and supported with documentation—including affidavits and prior administrative rulings—the trial court granted TFSC's plea to the jurisdiction without a hearing. Appellant believes the court overlooked key factual filings already in the record, which support standing, constitutional harm, and the lack of procedural safeguards required under Texas and federal law.

## SUMMARY OF THE ARGUMENT

Appellant believes the trial court may have overlooked critical factual and legal allegations already on file, including verified affidavits, ownership documents, and constitutional claims not addressed in the dismissal order. Appellant's claims are not barred by sovereign immunity because they challenge ultra vires conduct and request only declaratory and injunctive relief. TFSC revoked Appellant's license without statutory authority, written notice, or hearing, violating due process rights. Appellant has standing based on ownership at the time of the injury. The trial court erred in dismissing these claims at the jurisdictional stage. Additionally, the trial court placed this matter on the submission docket without regard to Appellant's interest, after Respondent had filed a Notice of Hearing for an in-person setting where both parties would plead their cases. Appellant was preparing for that in-person hearing when the court instead directed Respondent to place the matter on submission, thereby denying Appellant the opportunity to argue the merits directly before the Court.

## ARGUMENT

I. Ultra Vires Claims Are Not Barred by Sovereign Immunity

Government officials are not immune from suit when they act without legal authority. See City of El Paso v. Heinrich, 284 S.W.3d 366 (Tex. 2009). TFSC had no authority to revoke Appellant's license without initiating proper procedures under Texas Occupations Code Chapter 651. Appellant's claim that TFSC acted ultra vires survives a plea to the jurisdiction.

II. Due Process Violations Provide Independent Grounds for Relief

Appellant's license is a protected property interest. See Bd. of Regents v. Roth, 408 U.S. 564 (1972). TFSC revoked the license without notice or hearing, violating both Texas Constitution Article I, Section 19 and the Fourteenth Amendment of the U.S. Constitution.

III. Appellant Seeks Only Prospective Relief

Appellant did not seek damages, only declaratory and injunctive relief to prevent ongoing harm and reinstate rights. Such relief is permitted under Heinrich and Texas Uniform Declaratory Judgments Act.

IV. Appellant Has Standing

Appellant was the lawful owner of the business at the time of the alleged injury. Standing is based on injury-in-fact, traceability, and redressability. The pleadings show she was directly harmed by TFSC's conduct. See Texas Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440 (Tex. 1993).

## PRAYER

Appellant respectfully requests that this Court reverse the trial court's order granting the plea to the jurisdiction and remand this case for further proceedings. Appellant further requests all such relief, in law or equity, to which she may be justly entitled.

Respectfully submitted,

**/S/ UNIQUE M GREEN**

Unique Mica Green

Pro Se Appellant

2517 Wheeler Avenue

Houston, Texas 77004

Email: greenmica1980@aol.com

Phone: 281-408-3103

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Brief was served on September 22, 2025 via eFile Texas or email to:

Sherlyn Harper Assistant Attorney General Counsel for Appellee Sherlyn.Harper@oag.texas.gov

/s/ unique m green

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 105955146
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appllellant Brief
Status as of 9/23/2025 12:36 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| SHERLYN HARPER | | info@tfsc.texas.gov | 9/23/2025 11:19:05 AM | SENT |